# CIRCUIT COURT OF THE CITY OF ROANOKE

Deborah W. Tanis
and Barbara D. Winstead,
Executrixes
under the Will of
John F. Diehl,
deceased

v.

Barbara Hudson Diehl et al.

February 8, 1999

Case No. CH98-511

BY JUDGE ROBERT P. DOHERTY, JR.

Upon stipulated facts, it was the testator's intent to set up a transfer of his assets to his beneficiaries with favorable tax consequences. He thought that, when he died, his stock in his closely-held Subchapter S corporation would be purchased by the corporation because of a buy-sell agreement. That will not occur. Instead, the stock will go to the testamentary trusts set up for each of the testator's four children and their descendants. Section 1361 of the Internal Revenue Code prohibits Subchapter S stock from being held in such trusts if they have more than one income beneficiary. The trust document directs that the trust income shall go to the testator's children for their support, education, health, and business purposes, and that, if any income is left, it can be paid to the children's descendants for their support, health, and education. It is this last provision that would prevent the corporation from continuing its Subchapter S status, or, in the alternative, prevent the trusts from becoming Qualified Subchapter S trusts because the corporate income would be paid out through the trusts to more than one beneficiary. All parties in interest, including the guardian ad litem for the infant children of the primary trust beneficiaries and

for any unborn children who may become parties in interest in the future, ask for reformation of the trusts. They suggest that the trusts be modified so that all unused income coming into the trusts will be accumulated for the benefit of these secondary beneficiaries and not paid out to them periodically. They argue that this would cure the tax problem, retain the Subchapter S status, and benefit all parties in interest by maintaining their favorable tax status and enhancing the trust corpus. They further argue that no harm would come to the secondary beneficiaries, as their share would grow and be available for future distribution. Finally, the Petitioners request that the prudent investor rule be waived, so that the individual testamentary trusts can retain the closely-held corporate stock of the family business. The Court finds that good cause exists for the requested reformation or modification of the testamentary trusts and that it is reasonable that those trusts be allowed to hold the corporate stock of the family business.

The Court has the necessary authority to modify an existing trust or trusts, by virtue of § 55-19.4, Code of Virginia (1950), as amended. Such action, however, should not be lightly taken. The Court must first be satisfied that the proposed amendment will not "(i) materially impair the accomplishment of the trust purposes nor (ii) adversely affect the interests of any beneficiary." Secondly, "good cause" for reformation must be shown. In this case, the Petitioners have shown good cause for reformation by demonstrating that the testator's intention to maintain the favorable Subchapter S status for his closely-held corporation and to set up individual Qualified Subchapter S trusts for the benefit of his children has been frustrated by changed circumstances. The tax law remains the same, but the facts under which the testator constructed his estate planning scheme have been altered.

If the trusts are not amended, the trustor's primary stated purpose to provide the greatest yield for his children under current tax laws will be frustrated. The corporation will lose Subchapter S tax status, and/or, in the alternative, the individual testamentary trusts will be denied Qualified Subchapter S trust status, and each of the beneficiaries, both primary and secondary, will sustain a loss of income caused by an increased tax burden. This harm to the trust, to the trustor's primary purpose, and to all of the beneficiaries can be avoided by a simple amendment that would prohibit the sprinkling of trust income or principal to multiple beneficiaries, and that would retain unused income for future growth and eventual distribution to the secondary beneficiaries. The Court does therefore authorize the proposed amendment to the trust document.

After listening to the argument of counsel concerning the reasons for the request that the prudent investor rule of § 26-45.1 be waived so that the Subchapter S stock in the family's closely-held corporation can be maintained by the trusts, the Court is not convinced that the decision of a fiduciary to hold that stock would constitute a violation of § 26-45.1. The holding of the stock appears to be a prudent action taken by a reasonable investor. However, upon the request of the various fiduciaries, the urging of the trustor's children, and upon the recommendation of the guardian ad litem, the Court does authorize the trustees to receive and maintain as trust assets any and all Subchapter S corporate stock of the family business coming to them through the decedent's estate. Henceforth, under the facts of this case, such stock will be deemed to be a prudent investment by the fiduciaries and not in violation of the dictates and guidelines of § 26-45.1.